UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH S.[1],

                Plaintiff,

v.                                         CASE # 19-cv-06440

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | JUSTIN M. GOLDSTEIN, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | FRANCIS D. TANKARD, ESQ.<br>GRAHAM MORRISON, ESQ.<br>JOLETTA MARIE FRIESEN, ESQ.<br>KATHRYN L. SMITH, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on March 17, 1995, and has at least a high school education. (Tr. 201, 206). Generally, plaintiff's alleged disability consists of depression, suicidal thoughts, anxiety, panic attacks, migraines, scoliosis, asthma, speech impediment, and allergy to sunlight. (Tr. 205). Her alleged onset date of disability is January 25, 2014. (Tr. 184, 189).

### B.     Procedural History

On October 20, 2014, plaintiff applied for a period of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act and child's insurance benefits under Title II of the Social Security Act. (Tr. 184, 189). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 1, 2017, plaintiff appeared before the ALJ, John Costello. (Tr. 528-70). On January 17, 2018, ALJ Costello issued an unfavorable decision finding plaintiff was not disabled under the Social Security Act. (Tr. 12-26). On April 18, 2019, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 5-8). Thereafter, plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. Born on March 17, 1995, the claimant had not attained age 22 as of January 25, 2014, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5).

2

2. The claimant has not engaged in substantial gainful activity since January 25, 2014, the application date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: scoliosis; headaches; asthma; depression; and anxiety. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20CFR 404.1567(b) and 416.967(b) except that the claimant is frequently able to reach, handle, and finger; is occasionally able to tolerate exposure to respiratory irritants; is occasionally able to tolerate exposure to direct sunlight (due to history of migraines); is able to perform simple, routine tasks; and is able to perform low stress work defined as work involving only occasional decision making.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 17, 1995 and was 18 years old, which is defined as a younger individual age 18-49, on the date the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 25, 2014, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

(Tr. 12-26).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to meet his affirmative duty to develop the record and therefore relied upon gaps in the medical record. Further, the Appeals Council failed to evaluate the new and material evidence related to the gap. Second, the ALJ's residual functional capacity finding is unsupported by substantial evidence. Third, the ALJ's consistency finding is unsupported by substantial evidence. (Dkt. No. 11 at 1 [Plaintiff's Mem. Of Law]).

### B.     Defendant's Arguments

In response, defendant argues substantial evidence supports the RFC finding, the ALJ was not required to further develop the record, and the treating source opinion and treatment notes submitted to the Appeals Council do not require remand.  (Dkt. No. 16 at 20, 27, 29 [Defendant's Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

    **B.**    **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

On January 19, 2018, two days after the ALJ's decision, plaintiff submitted various documents which were subsequently connected to a request for review of the ALJ decision by the Appeals Council (AC). Those documents included treatment records from psychiatrist Tulio Ortega, M.D. from January 13, 2015 through December 19, 2017 and a January 16, 2018 medical source statement. (Tr. 27-76). The AC summarily stated that "this evidence does not show a reasonable probability that it would change the outcome of the decision." (Tr. 6). The statement concludes that the evidence was not considered or exhibited. (*Id.*). The initial issue is whether the ALJ failed to develop the record and the next issue is whether the AC failed to evaluate the new and material evidence.

To be sure, the burden is on plaintiff to provide evidence proving she is disabled. 20 C.F.R. § 404.1512(a). Nevertheless, unless the evidence of record is sufficient for the ALJ to make a disability determination, the ALJ, in light of the non-adversarial nature of a disability benefits proceeding, must take affirmative steps to develop the record to close gaps even when the claimant is represented by counsel. *See Grimes v. Berryhill*, 2019 WL 2511130, at * 5 (W.D.N.Y. June 18, 2019) (citing *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) ("Even when a claimant is represented by counsel, it is the well-established rule in our circuit 'that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants ... affirmatively develop the record in light

of the essentially non-adversarial nature of a benefits proceeding.' " (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009)))).

To discharge that duty, the ALJ will develop a complete medical history "for at least the 12 months preceding the month in which [plaintiff] file[s] [her] application." 20 C.F.R. §§ 404.1512(d), 416.912(d). An ALJ will make every reasonable effort to help plaintiff get medical reports from her own medical sources. *Id*. Every reasonable effort is defined in the regulations as "an initial request for evidence from [the] medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, [the ALJ] will make one follow up request to obtain the medical evidence necessary to make a determination." *Id*. at §§ 404.1512(d)(1), 416.912(d)(1).

As argued by the defendant, although the ALJ has a duty to develop the record, ultimately it is the plaintiff's burden to prove she is disabled. 20 C.F.R. §§ 404.1512(a), 416.912(a). In adhering to this responsibility, the plaintiff must inform the Administration about or submit all evidence known to her that relates to whether or not she is blind or disabled." *Id.* Furthermore, if there are no obvious gaps in the administrative record, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim. *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir. 1999); *Petrie v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (ALJ under no obligation to seek additional information from treating source where there were no gaps or deficiencies in the voluminous record).

At the time of her initial application, plaintiff alleged disability due to both mental and physical impairments. (Tr. 205). The ALJ was aware plaintiff was under the care of a therapist and psychiatrist for the treatment of her mental impairments. On an Agency disability report form in April 2015, plaintiff reported treatment with LCSW Cheney since June 2014 and treatment with

Dr. Ortega since December 2014 and provided contact information. (Tr. 208, 210). On July 23, 2015, plaintiff again informed the Agency of treatment with LCSW Cheney since June of 2014 and of treatment with Dr. Ortega and provided contact information for both providers. (Tr. 246-48, 264). Plaintiff provided a medication list noting multiple medications being prescribed by Dr. Ortega. (Tr. 264). In April 2017, plaintiff informed the Agency again of ongoing treatment with Dr. Ortega and LCSW Cheney through April of 2017 on an Agency approved form. (Tr. 264). On July 18, 2017, plaintiff's representative sent a letter to the ALJ stating there was material evidence from LCSW Cheney and Dr. Ortega that was being sought but not yet obtained. (Tr. 269). Contact information and the period of treatment was identified. (Tr. 269). In a prehearing memorandum faxed to the ALJ on July 25, 2017, plaintiff informed the ALJ that records and opinions from Dr. Ortega and LCSW Cheney were absent from the record. (Tr. 268).

In this case, the ALJ found severe mental health impairments and was aware of treatment by a therapist and psychiatrist. He found there were non-exertional limitations related to claimant's mental health. Therefore, the absence of any mental health treatment notes is clearly a gap. Although there were some records mentioning mental health from the primary physician, the physician was providing treatment for the mental impairments. The gap in any mental health treatment records caused harm to plaintiff because the ALJ relied on the gap in making his findings. The ALJ found that plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual." (Tr. 24). The ALJ also found, "Nothing in the record shows that the claimant has the extreme limitations Mr. Cheney describes. The evidence does not include treatment notes supporting Mr. Cheney's opinion." (Tr. 23). LCSW Cheney's opinion specifically indicated, "please refer to Dr. Ortega's findings," when asked for the medical/clinical findings supporting the three most limited categories. (Tr. 522). Dr. Ortega's notes

reflected the following mental status examination findings over the eighteen visits covered in the records submitted to the AC:

> Unhappy, distracted, hostile, irritated, tense, and/or downcast appearance (Tr. 36, 38, 40, 42, 46, 52, 55, 58, 61, 63, 66, 68, 69, 73); muscle tension (Tr. 58); inattentive or distracted appearance (T 66, 69); perseverative speech (Tr. 34, 40, 42, 44, 52, 58, 61, 64, 66, 68, 69); poorly articulated, simple, child-like, or scanty speech or minimally communicative (Tr. 40, 42, 44, 52, 55, 64, 69); rambling, emotional, rapid, or over-talkative speech (Tr. 46, 49, 51, 58, 61, 64, 66); manic appearance (Tr. 64, 66); mood lability (Tr. 38, 51, 52, 58, 61, 64, 66, 68, 70, 72); simple in her interactions (Tr. 34, 36, 61, 66); labile affect (Tr. 46, 52, 69, 73); constricted affect (Tr. 36, 38, 40, 42, 55, 64); paranoid manner and other signs of paranoid process (Tr. 46, 49, 69); loose and circumstantial thoughts (T 69); struggling with trust (Tr. 52); fair insight (Tr. 51); limited or simple associations (Tr. 51, 68); fair attention (Tr. 51, 68, 72); fair concentration (Tr. 68); anxiety signs of restlessness, irritability, and/or fidgety (Tr. 36, 49, 52, 58, 60, 61, 64, 66); evident short attention span (Tr. 34, 38, 49, 52, 58, 61, 64, 66, 70); restlessness (Tr. 34, 52, 61, 64); fair to poor fund of knowledge (Tr. 51, 72); fair to poor insight (Tr. 40, 42, 44, 46, 49, 52, 55, 58, 61, 64, 66, 68, 70, 74); and fair to poor judgment (Tr. 34, 36, 38, 40, 42, 44, 46, 49, 52, 55, 58, 61, 64, 66, 68, 70, 74).

Defendant argues the ALJ fulfilled his duty to develop the record because the evidence was adequate but also argues the gap was the fault of plaintiff. (Dkt. No. 16 at 29). Indeed, the ALJ left the record open for two weeks for the missing records. (Tr. 540, 589). The ALJ also said if the records weren't obtained by then to "send us a note and let me know what's up or what you're trying to do." (Tr. 541). Nearly six weeks after the administrative hearing, on September 14, 2017, plaintiff's counsel sent the ALJ a letter discussing his efforts to obtain Dr. Ortega's records and requested the ALJ to issue a subpoena to the doctor. (Tr. 171). The ALJ denied plaintiff's request for assistance on October 11, 2017, stating it was untimely under the regulations and HALLEX[2]. (Tr. 172).

---

[2] "HALLEX I-2-5-78 directs a claimant has a right to request that an ALJ issue a subpoena, but it must be in writing at least ten business days before the hearing date. However, an ALJ may issue a subpoena on his own initiative when reasonably necessary for the full presentation of the case and all other means of obtaining this information have been exhausted. Here the ALJ was aware of the outstanding evidence no later than five business days before the hearing and HALLEX I-2-5-13 more appropriately applies as the ALJ asked the representative to submit the evidence but then failed to comply with additional follow-up or documentation of assistance related to evidence development."

Generally, the ALJ's duty to develop the record is satisfied where, as here, the ALJ keeps the record open to receive further evidence after the administrative hearing but the plaintiff fails to provide such evidence nor requests the ALJ's assistance in obtaining the records. *See Jordan v. Comm'r of Soc. Sec.*, 142 Fed.Appx. 542, 543 (2d Cir. Sept. 8, 2005) (holding ALJ did not fail to discharge duty to develop the record where the ALJ, despite not contacting or obtaining records from a treating physician the plaintiff mentioned at the administrative hearing, kept the record open to permit the records to be provided by the plaintiff's counsel who volunteered to do so, and the ALJ later contacted counsel to remind the evidence had not yet been received, and that a decision would be made on the existing record if such evidence were not timely received). However, in the instant case, the ALJ was aware plaintiff's counsel was having trouble obtaining the records, never contacted counsel to remind him that evidence had not be received, and had never made any effort under the regulations to request evidence from the mental health treating sources. 20 C.F.R. §§ 404.1512(d), 416.912(d). The request for assistance in obtaining the records also was well before an opinion was issued in the case. There are sufficiently obvious gaps in the record such that it was error for the ALJ to render his opinion without obtaining the missing records that were discussed at the hearing yet were missing from the administrative record.

Remand is appropriate for consideration of the missing medical records. Regarding the issue of whether the AC properly considered the submitted records and opinion evidence remand would also be warranted. The opinion from treating source Dr. Ortega was dated a day prior to the ALJ's decision, the only opinion from an acceptable mental health treating source and is clearly new and material. 20 C.F.R. § 416.1470(b). The AC is required to apply the treating physician rule when considering new and material evidence from a treating physician. *See Asturias v. Colvin*, 2014 WL 3110028, *6 (W.D.N.Y. 2014) ("[t]hus, where the claimant has submitted a treating

physician's opinion on the nature and severity of the claimant's impairments during the relevant period of disability to the Appeals Council for consideration on review of the ALJ's hearing decision, the treating physician rule applies, and the Appeals council must give good reasons for the weight accorded to that opinion") (internal quotation omitted). It is unclear from the AC's perfunctory and boilerplate reasoning whether the treating physician rule was applied.

Defendant argues the regulations do not require the AC to provide "an elaborate explanation" but also that the evidence did not show a reasonable probability of changing the ALJ's decision. (Dkt. No. 16 at 30). The opinion of Dr. Ortega has limitations that are greater than found by the ALJ in his decision. Therefore, defendant's argument that new evidence would not have been reasonably likely to compel a different outcome is unavailing. (Dkt. No. 16 at 29, citing *Seignious v. Astrue*, 905 F. Supp. 2d 459, 463 (W.D.N.Y. 2012)). If the AC fails to fulfill its obligations under § 416.1470(b), "the proper course for the reviewing court is to remand for reconsideration in light of the new evidence." *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (citing *Milano v. Apfel,* 98 F. Supp. 2d 209, 216 (D. Conn. 2000)); *see also Seifried ex rel. A.A.B.*, 2014 WL 4828191, at *4-5. Accordingly, the Appeals Council's failure to consider the new treating source opinions requires remand.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

      **ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: March 19, 2021                              _J. Gregory Wehrman_
Rochester, New York                       HON. J. Gregory Wehrman
                                                         United States Magistrate Judge